**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————————x

JEANETTE ZIROGIANNIS, an individual; on
behalf of herself and all others similarly
situated,

                              Plaintiffs,

        vs.

ELTMAN, ELTMAN & COOPER, P.C., a New
York Professional Corporation; LVNV
FUNDING, LLC, a Delaware Limited Liability
Company; and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,

                        Defendants.

——————————————————————x

CASE NO.:

CV13 6943

**CLASS ACTION COMPLAINT FOR**
**VIOLATIONS OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

SPATT, J.

## I. PRELIMINARY STATEMENT

1.      Plaintiff, JEANETTE ZIROGIANNIS, ("Plaintiff" or "ZIROGIANNIS") on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant ELTMAN, ELTMAN & COOPER, P.C., ("ELTMAN") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending consumers written communications, which make false representations or implications that an attorney is meaningfully involved in the process of sending those communications.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.     ZIROGIANNIS is a natural person.

10.     At all times relevant to this complaint, ZIROGIANNIS resided in, and is a citizen of, the Town of Babylon, Suffolk County, New York.

11.     At all times relevant to this complaint, ELTMAN is a Professional Corporation existing pursuant to the laws of the State of New York. ELTMAN maintains its principal business address at 140 Broadway, 26th Floor, New York County, New York.

12.     Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this lawsuit, LVNV is a limited liability company existing pursuant to the laws of the State of Delaware.

13.     Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this lawsuit, LVNV maintains its principal place of business at 625 Pilot Road, Suite 3, City of Las Vegas, Clark County, Nevada.

14.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

-3-

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of ELTMAN and LVNV that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by ELTMAN and LVNV and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

16.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

17.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

18.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of ZIROGIANNIS occurred within this federal judicial district, and because ELTMAN & COOPER is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

19.    Sometime prior to July 8, 2013, ZIROGIANNIS allegedly incurred a financial obligation allegedly incurred a financial obligation to HSBC Bank Nevada, N.A. ("HSBC Obligation").

20.    The HSBC Obligation arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes.

21.     Defendants contend that the HSBC Obligation is in default.

22.     The alleged HSBC Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to July 8, 2013, the creditor of the HSBC Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to LVNV for collection.

25.     LVNV is a purchaser of performing and non-performing consumer debts, which are in default at the time the debts are acquired.

26.     LVNV collects, and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

27.     In connection with its debt servicing operations, LVNV routinely hires lawyers and law firms, such as ELTMAN, to file lawsuits against consumers in the State of New York in an effort to collect money by obtaining civil judgments on the defaulted debts it acquires.

28.     LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to July 8, 2013, and within the one year period immediately preceding the filing of the initial complaint in this action, LVNV either directly or through intermediate transactions assigned, placed, or transferred the HSBC Obligation to ELTMAN for collection including, but not limited to, the filing of a lawsuit.

30.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to July 8, 2013, LVNV either directly or through intermediate transactions assigned, placed,

-5-

transferred, or sold the HSBC Obligation to ELTMAN for collection.

31.     ELTMAN collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

32.     ELTMAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33.     On or about July 8, 2013, ELTMAN mailed an initial collection letter, which is dated July 8, 2013, and which Plaintiff received in the ordinary course of mail. ("7/8/2013 Letter"). A true and correct copy of the 7/8/2013 Letter is attached hereto as _**Exhibit A**_, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

34.     The 7/8/2013 Letter was sent, or caused to be sent, by persons employed by ELTMAN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35.     The 7/8/2013 Letter was sent to ZIROGIANNIS in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

36.     The 7/8/2013 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     On information and belief, the 7/8/2013 Letter is a mass-produced, computer-generated, form letter that is prepared non-attorney debt collectors employed by ELTMAN and sent to consumers from whom it is attempting to collect a debt.

38.     The 7/8/2013 Letter is the first written communication Plaintiff has received from ELTMAN.

39.     In Paragraph 2 of the 7/8/2013 Letter, ELTMAN make the following statements:

> "Currently, no attorney with the firm has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action. However, <u>if you fail to contact this office, our client may consider the</u>

availability of additional remedies to recover the balance due." (Emphasis added).

40.    Although the 7/8/2013 Letter states that no attorney has "personally reviewed the circumstances of [Plaintiff's] account...and should not be taken as a threat of legal action," it goes on to contradictorily state that if Plaintiff does not contact the firm legal action may be considered.

41.    The 7/8/2013 Letter is personally signed by "Samuel Reyes," who Plaintiff believed, as would the least sophisticated consumer, that Samuel Reyes is a licensed attorney as there is no admonition indicating otherwise.

42.    Plaintiff is now informed and believes, and on that basis alleges, that Samuel Reyes is actually a non-attorney debt collector employed by ELTMAN.

43.    The 7/8/2013 Letter also points out that "currently' no attorney has reviewed Plaintiff's account, leading the least-sophisticated consumer to believe that an attorney with the law firm will review the account in the future if the consumer does not contact ELTMAN or the attorney who purportedly signed the letter.

44.    Plaintiff is now informed and believes, and on that basis alleges, that the Defendants never had any intention of reviewing her account or pursuing any additional remedies if Plaintiff failed to contact ELTMAN or the attorney who purportedly signed the letter.

45.    After receiving the 7/8/2013 Letter, Plaintiff reasonably inferred – as would a least sophisticated consumer – that LVNV was proceeding more aggressively as it has incurred the expense of hiring a law firm to collect the HSBC Obligation and, if Plaintiff did not contact ELTMAN or the attorney who purportedly signed the letter, legal action would be taken.

46.    The Defendants intended that the 7/8/2013 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated

consumer react with a commensurate level of alarm and concern.

47.     In the top, right-hand, corner of the 7/8/2013 Letter, it states, "Amount Due: $3,716.82."

48.     In Paragraph 4 of the 7/8/2013 Letter, ELTMAN makes the following statements:

> "As of the date of this letter you owe a balance of $3,716.82. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before your check is deposited."

49.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does ELTMAN add "interest" to the consumer debts it seeks to collect.

50.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does LVNV add "interest" to the consumer debts it seeks to collect.

51.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does ELTMAN add "late charges" to the consumer debts it seeks to collect.

52.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does LVNV add "late charges" to the consumer debts it seeks to collect.

53.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does ELTMAN add "other charges" to the consumer debts it seeks to collect.

54.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does LVNV add "other charges" to the consumer debts it seeks to

-8-

collect.

55.     On information and belief, ELTMAN is not permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from consumers.

56.     On information and belief, LVNV is not permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from consumers.

57.     On information and belief, ELTMAN is not permitted to add any "other charges" to amount of the alleged debt it seeks to collect from consumers.

58.     On information and belief, LVNV is not permitted to add any "other charges" to amount of the alleged debt it seeks to collect from consumers.

59.     ELTMAN's statements in Paragraph 4 of the 7/8/2013 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase <u>daily</u> due to an undisclosed amount of "interest, late charges, and other charges" that "vary from day to day."

60.     ELTMAN's statements in Paragraph 4 of the 7/8/2013 Letter are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, as a consequence, owe an additional undisclosed sum of money after payment is tendered to Defendant.

61.     On information and belief, contrary to statements contained in Paragraph 4 of the 7/8/2013 Letter, at no time does ELTMAN continue to contact consumers to collect any additional undisclosed sums if the consumer pays the balance in full demanded on its initial collection letter.

62.     ELTMAN's statements in Paragraph 4 of the 7/8/2013 Letter are materially false, deceptive, and misleading in that, *inter alia*, it will not contact the consumer to collect any additional undisclosed sums if the consumer pays the balance in full demanded on its initial

collection letter.

63.    Nowhere does the 7/8/2013 Letter disclose date as of which the stated "Amount Due" was the full amount of debt.

64.    Nowhere does the 7/8/2013 Letter provide Plaintiff with any instructions on how she may obtain an exact payoff amount for the alleged debt.

65.    The 7/8/2013 Letter collection caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed the Defendants, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount demanded in the 7/8/2013 Letter, and if/when the Defendants's collection efforts would actually stop if she remitted the entire payment demanded.

66.    The 7/8/2013 Letter collection would cause the least sophisticated consumer uncertainty and forced the consumer to guess how much money was allegedly owed to Defendants, how much money would accrue daily on the alleged debt, how much additional money the consumer would owe if they paid the amount demanded in a letter such as the 7/8/2013 Letter, and if/when ELTMAN's collection efforts would actually stop once the consumer remitted the entire payment demanded.

67.    ELTMAN intended that its materially false statements contained in the 7/8/2013 Letter would cause Plaintiff, and other similarly situated consumers, confusion about the exact amount of money allegedly owed.

68.    ELTMAN intended that its materially false statements contained in the 7/8/2013 Letter cause Plaintiff, and other similarly situated consumers, to incorrectly believe that they would benefit financially by immediately sending payment for the amount demanded in ELTMAN's initial collection rather than waiting to make such payment.

-10-

69.     On information and belief, the statements contained in Paragraph 4 of the 7/8/2013 Letter that "late charges" and "other charges" would continue to accrue on Plaintiff's alleged constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

70.     On information and belief, the statements contained in Paragraph 4 of the 7/8/2013 Letter that "adjustment may be necessary" after ELTMAN received Plaintiff's check constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

71.     On information and belief, the statements contained in Paragraph 4 of the 7/8/2013 Letter that ELTMAN would "contact" Plaintiff if it received her check for the full balance it demanded constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

72.     Sometime after receiving the 7/8/2013 Letter, Plaintiff became informed and now believes, and on that basis alleges, that the 7/8/2013 Letter is actually a computer-generated, mass-produced, letter that was sent to hundreds of similarly situated consumers.

73.     At all times relevant to the collection of the alleged HSBC Obligation, there existed a principal-agent relationship between LVNV on the one-hand, and ELTMAN on the other hand.

74.     At all times relevant to the collection of the alleged HSBC Obligation, ELTMAN was also the agent for LVNV, acting within the course and scope of its employment at the time of the incidents complained of herein, and was under the direct supervision, control, and approval of LVNV.

75.     As the principal and a debt collector, LVNV is vicariously liable for the illegal

collection activities of other debt collection companies and collectors, such as ELTMAN, who are working on its behalf to collect debts from consumers like Plaintiff.

## V.  POLICIES AND PRACTICES COMPLAINED OF

76.     It is Defendants' policy and practice to send initial written collection communications, in the form attached as *Exhibit A*, that violate the FDCPA by, *inter alia*:

(a)     Using false, deceptive, or misleading representations or means in connection with the collection of any debt;

(b)     Mailing collection letters to consumers in connection with the collection of alleged consumer debts, without performing meaningful attorney review of the debt collection file;

(c)     Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(d)     Failing to accurately state the amount of the alleged debt.

77.     On information and belief, ELTMAN sent a written communication, in substantially the same form attached as *Exhibit A*, to at least 50 natural persons in the State of New York.

## VI.  CLASS ALLEGATIONS

78.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are two Plaintiff Classes.

79.     With respect to a Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom ELTMAN sent a written communication in substantially the same form attached as *Exhibit A* (c) in connection with its attempt to collect a

debt on behalf of LVNV (d) which written communications violate the FDCPA (e) during a period beginning one year prior to the filing of this action and ending 21 days thereafter.

80.     The identities of all class members are readily ascertainable from the records of ELTMAN and LVNV.

81.     Excluded from the Plaintiff Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees and their respective immediate families, and legal counsel for all Parties to this action and all members of their immediate families.

82.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' written communications, in substantially the same form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692g(a)(1).

83.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

84.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

85.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

the Plaintiff Class, as defined *supra*, is so numerous that joinder of all members would be impractical.

(b)   **<u>Common Questions Predominate</u>:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications, in substantially the same form attached as ***<u>Exhibit A</u>***, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692g(a)(1).

(c)   **<u>Typicality</u>:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **<u>Adequacy</u>:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **<u>Superiority</u>:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

86.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), or 1692g(a)(1) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination

87.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

88.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANT)

89.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

90.     The Defendants violated the FDCPA. Defendants' violations with respect to its written communications in the form attached as ***Exhibit A*** include, but are not limited to, the following:

     (a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

     (b)     Mailing collection letters to consumers in connection with the collection of

alleged consumer debts, hat make false, deceptive, and misleading representations that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

(c)     Making false threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(e)     Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1).

## VIII.  PRAYER FOR RELIEF

91.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION:**

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined *supra*.

(ii)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)     For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' collection conduct complained of herein violates the FDCPA;

(iv)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

-16-

(v)     For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:     Uniondale, New York
           December 9, 2013

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556-06265
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorney for Plaintiff, Jeanette Zirogiannis,
and all others similarly situated*

-17-

# EXHIBIT A

Detach along the dotted line and return bottom portion a.

35A Rust Lane
Boerne, TX 78006-8202

1 MB  *A-05-09C-ElK-00198-8
JEANETTE ZIROGIANNIS
19 E SHORE DR
BABYLON NY 11702-4201

MAILED FROM ZIP CODE 14304

Presorted
U.S. Postage Paid
Permit
1
FIRST CLASS MAIL

eec
Eltman Eltman & Cooper

140 Broadway, 26th Floor
New York, NY 10005-1108
Toll Free: (877) 439-8800
Fax: (212) 660-3101

Office Hours:
M-TH 8:30AM to 6:30PM (EST)
Fri 8:30AM to 4:30PM (EST)

July 8, 2013

| Original Account # | |
|---|---|
| 7001167022890157 | |
| Original Creditor | |
| HSBC Bank Nevada, N.A. | |
| Creditor to Whom the Debt is Owed: | |
| LVNV Funding LLC | |
| EEC File No: | Amount Due: |
| 4368M0783 | $3,716.82 |

Dear Mr./Ms. Zirogiannis:

Please be advised that Eltman, Eltman & Cooper P.C. has been retained by LVNV Funding LLC, purchaser of the above account, for collection of this Debt.

Currently, no attorney with the firm has personally reviewed the particular circumstances of your account, and this letter should not be taken as a representation of any such review nor as a threat of legal action. However, if you fail to contact this office, our client may consider the availability of additional remedies to recover the balance due.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If, within thirty (30) days after your receipt of this notice, you notify us in writing that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment, and we will mail to you a copy of such verification or judgment. If you request of this office in writing within thirty (30) days after receiving this letter, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter you owe a balance of $3,716.82. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before your check is deposited.

For further information write the undersigned or call (877) 439-8800 to speak with a representative.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

Samuel Reyes
DUN100M

---

*Detach along the dotted line and return bottom portion along with payment. Please include your EEC file number listed below on your payment*

35A Rust Lane
Boerne, TX 78006-8202



| Payment Options: | | |
|---|---|---|
| Code City: ERIN<br>State: NY<br>Locator: (800)305-6000 | www.eltmanlaw.123fastpay.com<br>Visa, MasterCard, American<br>Express, Debit, PrePaid | Please Call (877) 439-8800<br>Visa, MasterCard, American<br>Express, Check by Phone |
| Creditor to Whom the Debt is Owed<br>LVNV Funding LLC | | Original Acct #<br>7001167022890157 |
| Original Creditor<br>HSBC Bank Nevada, N.A. | EEC File No<br>4368M0783 | Amount Due<br>$3,716.82 |
| | | Amount<br>Enclosed |

1 MB   *A-05-09C-EM-00198-8

JEANETTE ZIROGIANNIS
19 E SHORE DR
BABYLON NY 11702-4201

ELTMAN, ELTMAN & COOPER P.C.
140 BROADWAY
26TH FLOOR
NEW YORK NY 10005-1108

4368M0783 DUN100M